Joseph Suarez, OSB 213960
jsuarez@oregonlacenter.org
Oregon Law Center
138 NE 3rd Ave, Suite 203
Gresham, Oregon 97030
Telephone: (503) 726-4381
Facsimile: (503) 726-4382

Rebeca Lopez-Franco, OSB 224457
rlfranco@oregonlawcenter.org
Oregon Law Center
999 N Cascade Dr
Woodburn, OR 97071
Telephone: (503)-676-5201

Of Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **GUADALUPE HERNANDEZ TELLEZ**, | **Case No.** |
| Plaintiff, | **COMPLAINT** |
| | Employment Discrimination (U.S.C. §§ 2000e-2, 3, et al) |
| v. | Oregon Employment Discrimination & Retaliation |
| **Pacific Seafood - Warrenton, LLC**, an Oregon Domestic Limited Liability Company, | (ORS 659A.030(1)(a) & ORS 659A.030(1)(f)) |
| and | **DEMAND FOR JURY TRIAL** |
| **NORTHWEST STAFFING RESOURCES, INC.**, an Oregon corporation, | |
| Defendants. | |

Page | 1  COMPLAINT

## I. PRELIMINARY STATEMENT

1. Plaintiff Guadalupe Hernandez Tellez is an agricultural worker, who has worked for approximately 12 years in the seafood processing industry.

2. Pacific Seafood – Warrenton, LLC and Northwest Staffing Resources, Inc., employed Ms. Tellez from approximately July 12, 2021, until October 05, 2022.

3. While employed by Pacific Seafood - Warrenton, LLC (herein "Pacific Seafood"), and Northwest Staffing Resources, Inc. (herein "NW Staffing"), Ms. Hernandez Tellez's co-worker assaulted and harassed her at work.

4. As soon as her supervisor was available, Plaintiff notified her employers, Pacific Seafood and NW Staffing, of the abuse and harassment.

5. Defendants Pacific Seafood and NW Staffing failed to take appropriate action to deter further harassment.

6. Defendants also subjected Plaintiff to further harassment and discriminated against her because she reported the assault and harassment.

7. Plaintiff seeks her damages, attorney fees, and costs because of the unlawful discrimination and retaliation she suffered at work.

## II. JURISDICTION AND VENUE

8. This Action arises, in part, under Title VII of the Civil Rights Act of 1964 (Title VII) and this Court has jurisdiction over actions brought under Title VII pursuant to 42 U.S.C. § 2000e-5(f)(3).

9. Additionally, this Court has jurisdiction over this Action pursuant to 28 U.S.C. § 1331, as it arises under the laws of the United States, and to 28 U.S.C. §1343 (a)(4), as it arises under an Act of Congress providing for the protection of civil rights.

10. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims, as they are so related to the claims within the Court's original jurisdiction that "they form part of the same case and controversy under Article III of the United States Constitution."

11. This Court has personal jurisdiction over the parties as follows: Plaintiff, as she is a resident of Clatsop County, Oregon; Defendant Pacific Seafood, as a domestic limited liability company with its principal place of business in Clackamas, Oregon, and doing business in Warrenton, Oregon; and NW Staffing, as a domestic corporation doing business in Warrenton Oregon with its principal place of business in Portland. Oregon.

12. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1), (2) and (3) given that: Defendants Pacific Seafood and NW Staffing reside and have a registered agent in Oregon; Defendants conduct regular business in Oregon; and all the events giving rise to Plaintiff's claims occurred in Oregon.

### III.  PARTIES

13. Plaintiff Guadalupe Hernandez Tellez is a woman who at all relevant times was a resident of Clatsop County, Oregon and was employed at Pacific Seafood, through NW Staffing from on or about July 12, 2021, until Defendants terminated her employment on October 5, 2022.

14. At all times relevant, Defendant Pacific Seafood was a domestic limited liability company doing business in Oregon with offices located in Warrenton, Oregon.

15. At all times relevant, Defendant NW Staffing was a domestic corporation doing business in Oregon with an office located in Portland, Oregon.

16. At all times relevant, both Defendants employed over 15 people and were engaged in an industry affecting commerce.

### IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

17. On or about July 26, 2023, Plaintiff timely and simultaneously filed charges against Defendants Pacific Seafood and NW Staffing with the Equal Employment Opportunities Commission (EEOC).

18. On January 12, 2025, EEOC issued Plaintiff notice of her right to file a private civil suit with regard to her Title VII claims against Defendant Pacific Seafood.

19. On January 12, 2025, EEOC issued Plaintiff notice of her right to file a private civil suit with regard to her Title VII claims against Defendant NW Staffing.

### V.    FACTS

20. In July 2021, Defendant NW Staffing assigned Plaintiff to work for Defendant Pacific Seafood as a processing worker sorting fish.

21. In or around August 2022, approximately a month into her employment, Viridiana Garcia, a quality control manager for Pacific Seafood, approached Plaintiff with an opportunity to transfer to the sanitation department at Pacific Seafood with the promise of year-round work

22. Plaintiff accepted Ms. Garcia's offer and transitioned to her new role in the sanitation department in August of 2022.

23. The sanitation department included Plaintiff, Ms. Garcia, and one other worker.

24. The duties of the sanitation department involved cleaning and maintaining the lunch and break areas, cleaning the restrooms, and distributing personal protective equipment like gloves and aprons.

25. Ms. Garcia, a manager of Defendant Pacific Seafood, was the direct supervisor of Plaintiff and the other worker in the sanitation department. Ms. Garcia controlled their schedule, determined their working hours, and was responsible for assigning daily tasks to the Plaintiff.

26. In September of 2022, a coworker named Jorge Leon, began regularly touching Plaintiff's hands and staring at other parts of her body when Plaintiff distributed gloves.

27. In approximately mid to late September 2022, Ms. Garcia, an employee of Pacific Seafood, assigned Plaintiff Hernandez to clean restrooms.

28. Plaintiff placed a "closed for cleaning" sign at the entrance of the men's restroom.

29. While Plaintiff was cleaning the restroom, Mr. Leon ignored the signs and tried to enter.

30. Plaintiff informed Mr. Leon that the restroom was closed for cleaning and instructed him to use another restroom and pointed him to the location of the other restroom.

31. Mr. Leon forced his way into the restroom and began to unbutton his pants while telling Plaintiff that she could watch with a smirk on his face.

32. Plaintiff locked herself into a stall, fearing for her safety.

33. Plaintiff left the bathroom visibly upset and shaken.

34. The actions of Mr. Leon were unwelcome, harmful and offensive.

35. At the time of the incident, Ms. Garcia was on vacation.

36. Plaintiff reported the incident to Ms. Garcia and NW Staffing manager Garbiel (last name unknown) when Ms. Garcia returned because she was previously instructed by Ms. Garcia to report workplace issues to her first.

37. Defendants did not take immediate steps to protect Plaintiff or initiate an investigation.

38. Approximately on October 1, 2022, Mr. Leon returned a pair of gloves to Plaintiff by tossing them to her in a ball.

39. The gloves landed in front of Plaintiff forcing her to bend over to pick them up.

40. Plaintiff spoke to Mr. Leon about the proper way to return gloves.

41. During this conversation, Mr. Leon and another coworker (name unknown) began to belittle Plaintiff, telling her that they had the right to look at "girls" however they wanted.

42. Mr. Leon said that being looked at was part of the job for the women in the sanitation department.

43. On or around October 03, 2022, Plaintiff reported the incident to Ms. Garcia after Ms. Garcia returned from another scheduled time off.

44. Ms. Garcia said that it wasn't right for him to make those comments, appeared to take notes, and said that she would talk to him.

45. A few days after October 3, 2023, Plaintiff was instructed to visit the office to where she met with management of both Defendant Pacific Seafood and Defendant NW Staffing.

46. Defendants asked Plaintiff to report again about the incidents that had occurred between her and Mr. Leon up until that point because Defendants had not recorded her previous reports.

47. As a result of this meeting with management, Plaintiff had to reiterate the details of her previous reports.

48. Defendants instructed Plaintiff to go home while they opened an investigation.

49. Plaintiff received a text on October 04, 2022, from Ms. Garcia saying she was cleared to return to work on October 05, 2022.

50. When Plaintiff returned, she was unable to clock in.

51. Ms. Garcia approached her and instructed her to go visit the NW Staffing Office.

52. In the office, Lorena (last name unknown) informed Plaintiff that Lorena was new, and she did not know the reason for Plaintiff's termination, but that Plaintiff was being terminated.

53. Defendants terminated Plaintiff's employment on October 05, 2022.

54. Defendants' investigation of Plaintiff's complaints was inadequate because of the lack of interviews with potential witnesses, their failure to take contemporaneous notes, and their failure to protect Plaintiff from further harassment.

55. Defendants failed to effectively respond to Plaintiff's reports of sexual harassment by performing only a cursory investigation.

56. Defendants failed to take reasonable and adequate action to prevent or stop a sexually hostile work environment.

57. Mr. Leon's offensive and unwelcome harassing conduct created a hostile work environment and affected the terms and conditions of employment of Plaintiff.

58. As a result of Defendants' actions, Plaintiff suffered and continues to suffer emotional distress including but not limited to anxiety, fear, discomfort, worry, loss of sleep, and humiliation.

59. Defendants acted with malice and/or reckless and outrageous indifference to a highly unreasonable risk of harm and acted with conscious indifference to Plaintiff's health, safety, and welfare. Defendant's conduct causing harm to Plaintiff was intentional.

///

///

///

///

Page | 7  COMPLAINT

## VI.  CLAIMS FOR RELIEF

**FIRST CLAIM: Sex Discrimination (EQUAL EMPLOYMENT OPPORTUNITY ACT, 42 U.S.C. § 2000e-2(a)(1))**

60. Paragraphs 1-59 are incorporated by reference.

61. By subjecting Plaintiff to unwelcome sexual advances and permitting a work environment in which Plaintiff was subject to harassment, discrimination, assault, and intimidation because of her sex, Defendant discriminated against Plaintiff in violation of 42 U.S.C. § 2000e-2(a)(1).

62. The unwelcome sexual advances and work environment in which Plaintiff was subject to harassment, discrimination, assault, and intimidation interfered with the terms and conditions of her employment in violation of 42 U.S.C. § 2000e-2(a)(1).

63. As a result of Defendant's actions, Plaintiff is entitled to recover $135,000 in damages and attorney fees and costs pursuant to 42 U.SC. § 2000e-5(k).

**SECOND CLAIM: Retaliation, (42 U.S.C. §2000e-3(a))**

64. Paragraphs 1-63 are incorporated by reference.

65. By terminating Plaintiff's employment after she reported harassment, Defendant retaliated against Plaintiff in violation of 42 U.S.C. §2000e-3(a).

66. As a result of Defendant's actions, Plaintiff is entitled to recover $135,000 and attorney fees and costs pursuant to 42 U.SC. § 2000e-5(k).

**THIRD CLAIM: Oregon Sex Discrimination (ORS §659A.030(1)(a))**

67. Paragraphs 1-66 are incorporated by reference.

68. By subjecting Plaintiff to unwelcome sexual advances and permitting a work environment in which plaintiff was subject to harassment, discrimination, assault and intimidation because of

her sex, defendants Pacific Seafood and NW Staffing discriminated against plaintiff in violation of ORS 659A.030.

69. As a result of Defendants' actions, plaintiff is entitled to $135,000 in damages and attorney fees and costs pursuant to ORS 659A.885.

**FOURTH CLAIM: Retaliation for Reporting Sexual Harassment (ORS §659A.030(1)(f))**

70. Paragraphs 1-69 are incorporated by reference.

71. By terminating Plaintiff's employment after she reported harassment, Defendant retaliated against Plaintiff in violation of ORS §659A.030(1)(f).

72. As a result of Defendants' actions, plaintiff is entitled to $135,000 in damages and attorney fees and costs pursuant to ORS 659A.885.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

Award judgment in favor of Plaintiff and against Defendants, for:

a. Compensatory damages not to exceed $135,000;

b. Punitive damages for its malicious and reckless conduct in amounts to be determined at trial;

c. Costs and reasonable attorney fees, pursuant to 42 U.S.C. § 2000e-5(k) and 659A.885; and

d. Such other relief that the Court may deem just and proper.

///

///

///

///

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated this 8th day of April 2025.

<div style="margin-left:40%">

s/ Joseph Suarez
Joseph Suarez OSB 213960
jsuarez@oregonlawcenter.org
Oregon Law Center
138 NE 3rd Ave, Suite 203
Gresham, Oregon 97030
Telephone: (503) 726-4381
Facsimile: (503) 726-4382

</div>